SECURITIES INVESTMENT CO. OF ST. LOUIS *v.* HEHE-MANN ET AL., A PARTNERSHIP, D. B. A. HUDSON MARKET.

(Decided December 31, 1928.)

*Messrs. Dinsmore, Shohl & Sawyer,* for plaintiff in error.

*Messrs. Merland, O'Meara & Santen,* for defendants in error.

Ross, J. The plaintiff in error, as plaintiff below, on September 28, 1925, filed suit in the court of common pleas of Hamilton county, Ohio, upon a series of promissory notes, which it held by virtue of indorsement from the vendor of a certain ice refrigerating machine, delivered to the defendants below. All of the notes are alleged to have become due by virtue of the refusal to pay one of the notes at the time the petition was filed, as per the terms of an agreement that failure to pay any note should mature all.

An answer was filed December 10, 1925, alleging that the ice machine was purchased for a specific purpose, under direct warranty, which facts were known both to the vendor of the machine and the indorsee holder of the notes, the plaintiff below. It is further alleged in the answer that there was a breach of warranty, rescission of the contract, a tender of the machine, refusal of the vendor to accept same, and refusal by the vendor to return the initial payment and notes; and it is alleged that the plaintiff had due notice of all of these matters.

The answer further alleged that the plaintiff was not the "holder in due course" of the notes, nor a *bona fide* purchaser thereof.

A jury was waived, and on December 10, 1925, an agreed statement of facts was filed with the clerk of the court, in which statement it was stipulated that the allegations just mentioned were agreed upon, except that any notice to plaintiff of a breach of warranty prior to the discount of the notes was specifically negatived.

The bill of exceptions recites that the trial of the cause was had to the court, and that a jury was

waived. The trial commenced on May 4, 1926. The bill of exceptions was signed by the trial judge on the 27th of February, 1928.

On February 16, 1927, over the objection of the plaintiff below, an amended answer was filed by leave, in which it was alleged that the plaintiff purchased the notes with knowledge of the terms and conditions of a certain contract, alleged to have been executed between the defendants below and the vendor of the machine, and the amended answer recites the attaching of a copy of the contract as an exhibit to the same. A copy of this contract was not attached to the amended answer and nowhere appears among the papers transmitted to this court.

No reply was filed to either the answer or amended answer. Judgment was rendered in favor of the defendants below.

From the arguments of counsel and the briefs we are led to believe that, by the terms of the contract mentioned, title to the machine was reserved in the vendor until payment in full of all the notes. There is no foundation for this premise in the bill of exceptions or pleadings as the case comes before us. The case was presented to the trial court upon two widely divergent theories. The plaintiff below evidently relied on the stipulation as including the only facts to be considered by the trial court, while it is apparent that the defendants below relied upon the allegations of the amended answer and the missing contract, to which no reply had been filed by the plaintiff below.

We have been asked to permit the attaching of a copy of the contract to the amended answer, under the theory that it was accidentally omitted. Such a

course at this time would not render substantial justice to the parties, in view of the language of the stipulation "expressly agreeing and stipulating that the facts involved are as follows," and of the further fact that the amended answer was filed after the stipulation had been filed, and after the case had been submitted to the trial court without a jury.

The pleadings are in such shape that it would be just as much a violation of substantial justice to render a judgment in favor of the plaintiff below solely upon the stipulation. The undenied allegations of the amended answer also forbid this course.

There being no evidence before us, contained in the bill of exceptions, upon which the trial court could have rendered judgment for the defendants below, and it also being evident that there was a misapprehension in the minds of the parties and of the court as to the application of the pleadings, in the interest of substantial justice the judgment will be reversed, and the cause will be remanded to the trial court for a new trial.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and CUSHING, J., concur.